## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARNITA GARROUTTE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF THE SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>Defendant. ) | Case No. CIV-06-78-CH |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 [Doc. # 29]. Plaintiff has requested an award of fees for attorney work performed on the merits of the case in the amount of $7,405.70 and for an additional $291.60 for attorney fees incurred on the fee application, for a total of $7,697.30. Plaintiff has further requested that the award of fees be made payable directly to her attorney pursuant to the terms of the fee agreement. The Defendant Commissioner has responded to Plaintiff's application and has asserted no objection to the requested attorney fees. But the Commissioner objects to the award of fees being made payable directly to Plaintiff's attorney, contending that an order allowing direct payment to Plaintiff's attorney would be in contravention of the plain language of the EAJA fee provision.

## Analysis

Under the EAJA, a court shall award a prevailing party attorney fees and other expenses unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).[1] As Plaintiff obtained a fourth sentence reversal under 42 U.S.C. § 405(g), she is a prevailing party for purposes of EAJA fees. *Shalala v. Schaefer*, 509 U.S. 292 (1993); *Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir. 1995). The burden rests with the government to prove that the Commissioner's position was substantially justified. *Weakley v. Bowen*, 803 F.2d 575, 577 (10th Cir. 1986). As noted, the Defendant Commissioner states no objection to Plaintiff's requested attorney fees. Further, the record reflects no special circumstances which would make an award of attorney fees unjust.

An award under the EAJA is limited to $125 per hour unless the Court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). In Plaintiff's Application, Plaintiff seeks an attorney fee award of $7,405.70 calculated at the rate of $157 per hour for .8 hours of work performed in the year 2005; $162

---

[1]The EAJA provides in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action . . . unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

per hour for 41.8 hours of work performed in the year 2006; and $162 per hour for .5 hours of work performed in the year 2007. In addition, an itemized accounting provided by Plaintiff's attorney includes services performed by a paralegal under the supervision of an attorney: 5.7 hours at $75 per hour for work performed during 2005-2007.[2] The detailed itemization of the time expended in representing Plaintiff reflects a reasonable amount of time for this matter. Further, Plaintiff has supported the upward adjustment in hourly rate for the attorney by attaching a notice from the Social Security Office of General Counsel for Region VI agreeing to the hourly rate adjustment requested. Based upon the record before the Court and the lack of objection by the Defendant Commissioner, the requested upward adjustment of the hourly rate is appropriate and an attorneys fee award in the amount of $7,405.70 is justified for work performed on the merits of the case.

In Plaintiff's reply brief, Plaintiff has further requested an award of additional fees in the amount of $291.60 calculated at the rate of $162 per hour for 1.8 hours of work done on the fee application. *See* Plaintiff's Reply [Doc. #33] at 11. The Commissioner has not objected to this request for additional fees and the Court finds the request is reasonable. Therefore, Plaintiff is entitled to a fee award in the total amount of $7,697.30.

As stated, the Commissioner does not object to the requested fee award but has raised an objection to Plaintiff's request that the Court direct that the fees be payable to Plaintiff's

---

[2] In support of the $75 hourly rate for paralegal services, Plaintiff has cited an October 2004 report of Legal Assistant billing rates published by the National Association of Legal Assistants reflecting the October 2004 rate for Oklahoma, now classified in Region 4, which is higher than the paralegal rate requested in Plaintiff's application.

attorney. The Commissioner contends that because the EAJA provides that "a court shall award to a prevailing party" fees and other expenses, the statutory language constrains the Court from making the fees payable to the attorneys who earned the fee. To date, at least two district judges within this judicial district have agreed with the position of the Commissioner. *See Haggard v. Astrue*, Case No. CIV-06-781-T, Order [Doc. #31] (W.D. Okla. June 28, 2007); *Brown v. Astrue*, Case No. CIV-06-794-M, Order [Doc. #29] (W.D. Okla. June 22, 2007). And, at least one district judge has ruled to the contrary, authorizing payment of fees directly to the claimant's attorneys. *See Haymaker v. Astrue*, Case No. CIV-06-0452-F, Order [Doc. #29] (W.D. Okla. Aug. 7, 2007).[3]

Under the EAJA, a prevailing party may be awarded attorney fees only if those fees are "incurred." *See* 28 U.S.C. § 2412(d)(1)(A). Fees are "incurred" where there is an "express or implied agreement that the fee award will be paid over to the legal representative." *King v. Commissioner of Soc. Security*, No. 06-3365, 2007 WL 930275 at *4 (6th Cir. March 28, 1997) (unpublished op.) (*quoting Phillips v. General Services Administration*, 924 F.2d 1577, 1583 (Fed. Cir. 1991)). Attached to Plaintiff's fee application is the employment contract she entered into with her attorney. *See* Application, Attachment 2. Relevant to the EAJA request, the contract provides:

> If attorney prevails before the Federal Court, attorney will make application to the court to order SSA to pay attorney fees in accordance with the Equal Access to Justice Act ("EAJA"). . . . Such fees are generally made payable

---

[3] The issue may be resolved in a case currently pending before the Tenth Circuit Court of Appeals, *Manning v. Astrue*, No. 06-7127.

>directly to Attorney. However, if such fees are made payable to Claimant, Claimant hereby assigns all of his/her rights to such payments to Attorney as partial payment for the attorney fee.

*Id.* The parties' contract, therefore, expressly acknowledges that the attorney fees incurred in the federal court litigation and recovered through the EAJA will be made payable to Plaintiff's attorney, either through the Court's order or by contractual assignment.

Although courts have interpreted the phrase "prevailing party" in the EAJA to mean the client and not the client's attorney, those cases largely turn upon who has standing to exercise the right to bring a statutory claim for payment of EAJA fees. *See, e.g., FDL Technologies, Inc. v. United States*, 967 F.2d 1578, 1580 (Fed. Cir. 1992) (interpreting EAJA's statutory language as giving entitlement to fees to the prevailing party and not the party's attorney). Thus, an attorney may not, independent of the client, pursue an EAJA claim. *See, e.g., Phillips v. General Services Administration*, 924 F.2d 1577, 1582 (Fed. Cir. 1991) (attorney may not directly claim EAJA fee award but must make such request on behalf of the prevailing party). Here, however, the EAJA fee application has been brought in Plaintiff's name and on Plaintiff's behalf, and Plaintiff is the one identified in the fee application as the "prevailing party."

"Under fee-shifting statutes in general, there is a distinction between the party's entitlement to claim an award of fees and the attorney's right to receipt of fees that are awarded." *Willis v. Government Accountability Office*, 448 F.3d 1341, 1347 (Fed. Cir. 2006) (analyzing fee-shifting provision of the Civil Service Reform Act, 5 U.S.C. § 7701(g)(1)). Courts have generally recognized that once a prevailing party exercises the right to pursue

an EAJA claim, it is permissible to order payment of the fee award directly to the party's counsel. *See, e.g., King*, 2007 WL 930275 at *4 (recognizing that attorney cannot bring independent action for EAJA attorney fees but that "attorney's fees awarded under the EAJA are payable to the attorney; they are awarded for the benefit of the party but the money is not the party's to keep"); *United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equipment, Inc.*, 89 F.3d 574, 578-579 (9th Cir. 1996) (analyzing right to attorney fees under False Claims Act and noting that once a prevailing party exercises the right to recover statutory fees, the fees must be made payable to the party's attorney). Directing that the fees be payable to the attorney is especially proper where, as here, the client has contractually acknowledged and agreed that the EAJA fee award will be made payable to the attorney either by court order or by assignment. *See, e.g, Oguachuba v. INS*, 706 F.2d 93, 97-98 (2d Cir. 1983) ("Whether an award of attorney fees under the [EAJA] ultimately redounds to the benefit of counsel depends upon the private contractual arrangements between the attorney and the client."); *Thomas v. Shalala*, No. 91 C 5488, 1993 WL 112534 at *5 (N.D. Ill. April 8, 1993) (unpublished op.) (recognizing that "an award of attorney's fees to a 'prevailing party' belongs to the party entitled to such an award and not to his attorney" but directing payment of EAJA fees to attorney noting "it is common to make the award directly to the lawyer where the lawyer's contractual entitlement is uncontested or where it is clear that the attorney was acting for his client") (*citing Richardson v. Penfold*, 900 F.2d 116, 119 (7th Cir. 1990)); *compare McDannel v. Apfel*, 78 F.Supp.2d 944, 953 (S.D. Iowa 1999) (recognizing that *in the absence of a contractual assignment to counsel* EAJA fee award should be made

payable to the plaintiff rather than to plaintiff's counsel) (*citing Gilbrook v. City of Westminster*, 177 F.3d 839, 975 (9th Cir. 1999)).

As set forth, the contractual agreement between Plaintiff and her attorney authorizes the payment of EAJA fees directly to the attorney. Moreover, Plaintiff's attorney has represented to this Court that Plaintiff "has not objected to direct payment of the EAJA fee to her attorney" and that " a copy of th[e fee] application has been sent to her." *See* Plaintiff's Application [Doc. #29] at 10-11. Based on the record in this case, a court order awarding EAJA fees to Plaintiff and directing that those fees are payable directly to Plaintiff's attorney is warranted. No evidence before this Court, and no argument presented by the parties, calls into question the validity of the fee agreement. A court order awarding EAJA fees to Plaintiff as the prevailing party and making the fees payable to Plaintiff's attorney gives effect to the uncontested agreement of the Plaintiff and her counsel, as reflected in the record of this case, and is not inconsistent with the plain language of the statute.

Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 [Doc. # 29] is granted and, pursuant to Fed.R.Civ.P. 54(d)(2), Plaintiff shall be awarded a judgment in the amount of $7,697.30, made payable to Plaintiff's attorney.

IT IS SO ORDERED this   13th   day of September, 2007.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE